ELIZABETH N. BEALE

*v.*

JOHN L. BLAKE and DANIEL A. HEALD.

1. Peaceable possession in the complainant is a jurisdictional fact in a bill to quiet title to lands.

2. If defendant, in his answer to such a bill, deny that complainant is in peaceable possession of the premises in question, the issue thereby raised is preliminary to the main issue in the cause, and defendant is entitled to have it tried in this court, before it shall grant an issue to be sent to a court of law to try the question of title or no title.

---

On bill to quiet title, and motion for issue to be framed for a trial at law.

Beale *v.* Blake.

*Mr. F. W. Stevens,* for the motion.

*Mr. John W. Taylor, contra.*

PITNEY, V. C.

The bill is filed under the statute to compel the determination of claims to real estate (*Rev. p. 1189*). It alleges peaceable possession of the premises in question in the complainant. The defendants answer, denying that the complainant has peaceable possession, but setting out their title to the premises as required by the statute. Complainant then demands and applies for an issue to be sent to a law court to be tried by jury.

The application is opposed, on the ground that a jurisdictional fact, to wit, peaceable possession in the complainant of the land in dispute, has not been established, and that this court can take no steps towards determining the main issue in the cause until that fact has been established. It is admitted by complainant's counsel that this fact is jurisdictional; but he contends that it is one which may be conveniently tried at the same time with the main issue in the cause, and that, therefore, it should be included in the issue to be framed and sent to the law court.

It is true that, when the main issue is to be tried in this court, it is convenient to try the jurisdictional question at the same time. In such case, if peaceable possession in the complainant is denied, and the case is tried before one of the vice-chancellors, it is, I believe, usual, and is the proper practice, for the parties to produce evidence on the issue of possession or no possession in the first instance. That issue is quite distinct from the main issue of title or no title in the defendant. On it the complainant has the affirmative, and occupies the position of plaintiff, while on the issue of title or no title in the defendant the position of the parties is reversed, and the defendant holds the affirmative and the position of plaintiff. And it seems to me that the defendant has the right to have the preliminary issue determined before he is called upon to produce evidence in support of his title, since, if the complainant cannot prove himself in peaceable possession, he has no right under the statute, or

otherwise, to call on the defendant to prove his title. This being so, I think it follows that the defendant has the right to have this preliminary question determined before he is called upon to prepare for the trial at law. That this was Chancellor Runyon's view is manifest from the course he pursued in the case of *Powell v. Mayo, 9 C. E. Gr. 178.* In that case evidence had been taken before a master for use at the hearing on all the issues before demand was made for a jury trial, and yet the chancellor considered and determined the questions of complainant's possession before ordering the issue.

I think that case covers this. And, independent of that authority, I should think it a strange proceeding indeed for this court to send an issue to a court of law to determine whether it had jurisdiction to entertain the very suit in which the issue is sent. If this court has power to determine any question of fact, surely it has power to determine that upon which its jurisdiction depends.

It is not necessary, for present purposes, to decide whether or not the defendants might, by a proper pleading, have protected themselves against discovering, in their answer, their title until the complainant has proven the necessary jurisdictional fact.

The cause having been referred to me, I will hear the evidence on the question of possession at an early day to be fixed.

Another objection taken to granting the issue was, that the complainant disentitled herself to the aid of the court by stating in her bill that the defendants were about to take possession under their claim of title. That point is reserved until the hearing of the matter of possession.